**EXHIBIT A**

COPY
Original Filed
DEC 14 2021
Timothy W. Fitzgerald
Spokane County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | | |
|---|---|---|
| PHAT N STICKY, LLC, | ) | Civil Action No.: |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | 21203584-32 |
| TOP SHELF LED INC., | ) ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, PHAT N STICKY, LLC ("Plaintiff"), by and through the undersigned counsel, and brings this action against Defendant, TOP SHELF LED INC., ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This is a product liability and negligence action brought by Plaintiff, PHAT N STICKY, LLC, whose real and personal property located at 2611 N Woodruff Road, Spokane Valley, WA 99206 (the "Premises") were burned and destroyed on September 14, 2019, causing substantial consequential damages and losses as a direct and proximate result of a fire caused by Defendant's defective lamps and fixtures.

1

## PARTIES

### A. PLAINTIFF

2. Plaintiff, PHAT N STICKY, LLC, is a domestic limited liability company, with its principal place of business at 2611 N WOODRUFF RD., STE A, SPOKANE VALLEY, WA 99206-4138.

3. Plaintiff is a WA i502 producer-processor, farming top shelf cannabis in Washington State. Plaintiff prides itself on the quality of its products and services provided to its 502 retailer clients. The state-of-the-art growing facility and perfected growing techniques executed by Plaintiff's amazing team have resulted in Plaintiff's parent company becoming one of the largest producers in the state of Washington.

### B. DEFENDANT

4. Defendant, TOP SHELF LED INC., is a California corporation, with its principal place of business in 2510 E MERRILL AVE., ONTARIO, CA 91762. Defendant's registered agent is located at 2510 E MERRILL AVE., ONTARIO, CA 91762. Defendant imports, designs, manufactures, distributes, and/or sells and places into the stream of commerce lighting solutions, including but not limited to lamps, ceramic metal halide lamps, lamp accessories, and fixtures ("Products"), and provides continuing information and services to the purchasers of same. Defendant does substantial business in the State of Washington.

5. At all times relevant herein, Defendant was engaged in the business of placing lighting solutions, including but not limited to lamps, ceramic metal halide lamps, lamp accessories, and fixtures into the stream of commerce by designing, manufacturing, testing, training, marketing, promoting, packaging, labeling, importing and/or selling such devices, including but not limited to Master Pursuit: Grower's Choice MP HPS System; Master Pursuit: Grower's Choice MP CMH

System; HPS Bulb 1210, MH Bulb 1228; and/or Gavita Fixture 277 ("Defective Products").

6. At all times material hereto, Defendant was and is a product seller and manufacturer under RCW 7.72.010.

7. Defendant manufactures, markets, advertises, imports, promotes, and sells Defective Products worldwide. As a result of the coordinated activities of Defendant, Plaintiff purchased and installed the Defective Products at its growing facility located at the Premises. Defendant's Defective Products self-ignited and/or imploded and/or exploded upon use as intended by Defendant, and caused devastating damage to the Premises and the equipment and products that were being cultivated therein.

8. Defendant had a legal duty to ensure the safety and effectiveness of its Defective Products by conducting adequate and well controlled studies on its products prior to marketing, selling, and distributing same.

9. Defendant deliberately disseminated false and misleading information about the safety and effectiveness of its Defective Products.

10. Defendant is liable to Plaintiff for damages arising from the Defendant's design, manufacture, marketing, labeling, distribution, sale, and placement of its Defective Products.

11. Plaintiff has actionable claims under RCW 7.72 et. seq. Plaintiff reserves the right to amend the Complaint to add one or more additional Defendants and the correct form of doing business or name of said named Defendant as discovery shall hereafter show.

## JURISDICTION AND VENUE

12. Plaintiff's action is an action for damages in excess of the sum of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00), exclusive of interests and costs.

13. This Court has jurisdiction over the parties and the subject matter of this action pursuant

to RCW 4.28.185 and RCW 4.16.080.

14. Venue is proper in this County pursuant to RCW 4.12.020(3) as the cause of action and/or some part thereof arose in Spokane County, Washington.

15. This Court has personal jurisdiction over the Defendant pursuant to Washington State's Long-Arm Statute, RCW 4.28.185(a)&(b). Defendant transacts business within the State of Washington, and Defendant committed tortious acts and omissions in Washington. Defendant's tortious acts and omissions caused Plaintiff's damages in the State of Washington. Defendant has purposefully engaged in the business of designing, developing, manufacturing, publishing information, marketing, importing, distributing, promoting and/or selling, either directly or indirectly, through third parties, as successor in interest, or other related entities, lighting solutions including the Defective Products in the State of Washington, for which it derived significant and regular income. The Defendant reasonably expected that its Defective Products would be sold and distributed in the State of Washington.

16. The Defendant is either a foreign or domestic corporation that now conducts or has conducted significant revenue-producing business in the State of Washington. Defendant has derived substantial revenue from intrastate and interstate commerce and could reasonably expect its sale and distribution of Defective Products to have consequences in the State of Washington.

17. Defendant's commercial activities in the State of Washington were not isolated and Defendant has maintained sufficient contacts with Washington and/or transacted substantial revenue-producing business in Washington to subject it to the jurisdiction of this Court pursuant to RCW 4.28.185(a)&(b).

18. The above-named Defendant has, at all times material to this cause of action, through its agents, officers and representatives, operated, conducted, engaged in and carried on a business

4

venture in the State of Washington; maintained an office or agency in this state; solicited business or provided service activities within this state, and/or committed a tortious act within the state by manufacturing, selling and disseminating to the public inherently dangerous products: 1) without testing said products to determine their safety; and 2) by failing to take any reasonable precautions or to exercise reasonable care to adequately or sufficiently warn the public, including Plaintiff, of the risks, dangers and harm resulting from the ordinary and foreseeable use of the Defective Products.

19. Defendant's tortious conduct, including but not limited to, failure to warn and/or the design, manufacture, sale and/or distribution of the Defective Products, is continuing and presently existing; arose from Defendant's acts and/or omissions which occurred inside and outside of the State of Washington during the relevant period; and proximately caused Plaintiff's present damages.

## PLAINTIFF'S USE OF THE DEFECTIVE PRODUCTS

20. In approximately 2019, Plaintiff purchased Defendant's Defective Products.

21. In approximately 2019, Plaintiff installed Defendant's Defective Products at the Premises in accordance with Defendant's instructions, specifications, and/or disclosures that accompanied the Defective Product.

22. On September 14, 2019, as Plaintiff was using the Defective Products for its intended purposes, the Defendant's Defective Products self-ignited and/or imploded and/or exploded, and caused devastating damage to the Premises and the equipment and products that were being cultivated therein.

## DEFENDANT'S DEFECTIVE PRODUCTS

23. Defendant's Defective Products include, but are not limited to, the Master Pursuit:

Grower's Choice MP HPS System; Master Pursuit: Grower's Choice MP CMH System; HPS Bulb 1210; MH Bulb 1228; and/or related accessories ("Defective Products").

24. Defendant knew or should have known that: (1) the Defective Products had high failure rates and combustible rates at certain wattage outputs; (2) the Defective Products' labels were wrong and/or misleading; (3) the Defective Products, as designed, were unreasonably dangerous; and (4) there was a safer alternative design available to Defendant at all times material hereto.

25. The Defendant suppressed the truth and failed to accurately and completely disseminate or share the known and/or knowable dangers of its Defective Products and other critical information with the public, including the Plaintiff. As a result, the Defendant misled and continues to mislead the public, including the Plaintiff, into believing that the Defective Products were and are safe and effective.

26. Defendant's Defective Products are defective due to Defendant's failure to adequately warn or instruct the Plaintiff of the danger associated with the Defective Products.

27. Defendant recklessly and/or falsely represented the dangerous and serious safety concerns inherent in the use of the Defective Products to the public at large, for the purpose of influencing the sales of Defective Products known to be dangerous and defective and/or not as safe as other alternatives.

28. Defendant utilized direct-to-consumer advertising to market, promote, and advertise the Defective Products. At the time the representations were made, Plaintiff did not know the truth about the dangers and serious safety risks inherent in the use of the Defective Products. Plaintiff did not discover the true facts about the dangers and/or safety risks, nor did Plaintiff discover the false representations of Defendant, nor would Plaintiff with reasonable diligence have discovered the true facts or Defendant's misrepresentations.

29. Had Plaintiff known the true facts about the dangers and/or safety risks of the Defective Products, Plaintiff would not have purchased, used, or relied on Defendant's Defective Products.

30. At all times relevant herein, the Defective Products were widely advertised and promoted by the Defendant as a safe, environmental-friendly, and efficient lighting solution at an affordable price with the lasted technology to be used in the greenhouse and indoor-gardening industry.

31. At all times relevant to this action, Defendant knew or should have known that the Defective Products were not safe for their intended use.

32. At all times relevant to this action, Defendant knew that the Defective Products' labeling, as to wattage and initial par and UL rating, was not accurate.

33. Defendant failed to design and establish a safe and effective product.

34. At all relevant times herein, Defendant continued to promote its Defective Products as safe and effective in the State of Washington.

35. The Defective Products as designed, manufactured, distributed, sold and/or supplied by Defendant were defective as marketed due to inadequate warnings, instructions, labeling and/or testing.

36. At all times herein mentioned, the employees, agents, officers and/or directors of the Defendant named herein participated in, authorized and/or directed the production and promotion of the aforementioned Defective Products when Defendant knew or should have known of the hazards and dangerous propensities of said Defective Products, and thereby actively participated in the tortious conduct that resulted in the damages suffered by Plaintiff.

## COUNT I: NEGLIGENCE

37. Plaintiff adopts, realleges and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

38. Defendant had a duty to individuals, including Plaintiff, to exercise reasonable and ordinary care in the manufacture, design, labeling, packaging, testing, instruction, warning, selling, marketing, and distribution related to its Defective Products.

39. Defendant breached its duty of care and was negligent as described herein in the design, manufacture, labeling, warning, selling, marketing, and distribution of the Defective Products in one or more of the following respects:

   a. Failing to design the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   b. Failing to manufacture, publish information, market, import, distribute, promote, and/or sell the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   c. Failing to use reasonable care in the testing of the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   d. Failing to use reasonable care in inspecting the Defective Products so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   e. Failing to use reasonable care in instructing and/or warning the public as set forth herein of risks associated with the Defective Products, so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein; and

   f. Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning, labeling, studying, testing or selling the Defective Products.

40. At all times, Defendant designed the Defective Products and sold same to entities in the State of Washington, and Plaintiff relied upon the design specifications, instructions, guidelines, testing procedures, warnings, service information and recommendations of Defendant.

41. Defendant created a defective and unsafe condition in the Defective Products in that the design, manufacture, assembly, testing, marketing, and sale of the Defective Products and/or components thereof were negligent and unreasonably dangerous, and Defendant failed to issue proper and adequate guidelines, instructions, cautions, and warnings related to the use of the Defective Products and/or components thereof. As such, the Defective Products were not reasonably safe as designed and/or manufactured and/or were not reasonably safe because adequate warnings or instructions were not provided.

42. The action brought herein against Defendant is brought pursuant to the common law of negligence.

43. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained catastrophic damages, including but not limited to loss of real and personal property, destruction of its Premises, substantial economic loss, and damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant on the aforementioned Count for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show themselves to be justly entitled.

### COUNT II: NEGLIGENCE
### CAUSE OF ACTION UNDER WASHINGTON PRODUCT LIABILITY ACT

44. Plaintiff adopts, realleges and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

45. Defendant had a duty to individuals, including Plaintiff, to exercise reasonable and

9

ordinary care in the manufacture, design, labeling, packaging, testing, instruction, warning, selling, marketing, and distribution related to its Defective Products.

46. Defendant breached its duty of care and was negligent as described herein in the design, manufacture, labeling, warning, selling, marketing, and distribution of the Defective Products in one or more of the following respects:

   a. Failing to design the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   b. Failing to design, manufacture, publish information, market, import, distribute, promote and/or sell the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   c. Failing to use reasonable care in the testing of the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   d. Failing to use reasonable care in inspecting the Defective Products so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   e. Failing to use reasonable care in instructing and/or warning the public as set forth herein of risks associated with the Defective Products, so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein; and

   f. Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning, labeling, studying, testing or selling the Defective Products.

47. At all times, Defendant designed the Defective Products, and sold same to entities in the State of Washington, and Plaintiff relied upon the design specifications, instructions, guidelines, testing procedures, warnings, service information and recommendations of Defendant.

48. Defendant created a defective and unsafe condition in the Defective Products in that the design, manufacture, assembly, testing, marketing and sale of the Defective Products and/or components thereof were negligent and unreasonably dangerous, and Defendant failed to issue proper and adequate guidelines, instructions, cautions and warnings related to the use of the Defective Products and/or components thereof. As such, the Defective Products were not reasonably safe as designed and/or manufactured and/or were not reasonably safe because adequate warnings or instructions were not provided.

49. The action brought herein against Defendant is brought pursuant to the Washington Product Liability Act, Chapter 7.72 RCW.

50. Plaintiff alleges by reference against Defendant each of the causes of action enumerated in RCW 7.72, including but not limited to, strict liability, negligence, breach of express or implied warranty, failure to warn, failure to properly instruct as to use, misrepresentation, concealment, nondisclosure and/or negligent and defective design, assembly and manufacture.

51. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained catastrophic damages, including but not limited to loss of real and personal property, destruction of its Premises, substantial economic loss and damages including, but not limited to, lost income and/or other damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant on the aforementioned Count for compensatory damages, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show

themselves to be justly entitled.

## COUNT III: STRICT LIABILITY
## CAUSES OF ACTION UNDER WASHINGTON PRODUCT LIABILITY ACT

52. Plaintiff adopts, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

53. The Defective Products were not reasonably safe for their intended use and were defective with respect to their manufacture and design, as described herein, in that Defendant deviated materially from their design and manufacturing specifications and/or such design and manufacture posed an unreasonable risk of harm to the public, including the Plaintiff.

54. The Defendant's Defective Products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of consumers.

55. The Defective Products create risks to the safety of the consumer that are far more significant and devastating than the risks posed by other products available in the market, and which far outweigh the utility of the Defective Products.

56. Defendant has negligently and recklessly manufactured, published information, marketed, imported, distributed, promoted, and/or sold the Defective Products with wanton and willful disregard for the rights and safety of the Plaintiff and others, and with malice, placing its economic interests above the safety of the Plaintiff.

57. At all times relevant hereto, Defendant engaged in the business of designing, manufacturing, assembling, marketing, testing, selling, delivering, supplying parts and/or maintaining the Defective Products and/or components thereof, and was responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the Defective Products and/or

components thereof.

58.     Defendant created and/or sold the Defective Products and/or components thereof which were defective, unsafe and unreasonably dangerous in that the design, manufacture, testing, marketing, installation, selling and importation of the Defective Products and/or components thereof were unreasonably dangerous.

59.     At all times material hereto, Defendant was responsible for the Defective Products.

60.     The Defendant is strictly liable in tort to the Plaintiff for its wrongful conduct.

61.     As a direct and proximate result of Defendant's negligence, Plaintiff has sustained catastrophic damages, including but not limited to loss of real and personal property, destruction of its Premises, substantial economic loss and damages, including but not limited to, lost income and/or other damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants on the aforementioned Count for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show themselves to be justly entitled.

## COUNT IV: NEGLIGENCE
## CAUSE OF ACTION UNDER WASHINGTON PRODUCT LIABILITY ACT

*Alternative Pleading*

### *"Liability of product seller other than manufacturer" under RCW 7.72.040.*

62.     Plaintiff adopts, realleges and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

63.     Defendant had a duty to individuals, including Plaintiff, to exercise reasonable and ordinary care in the design, labeling, packaging, testing, instruction, warning, selling, marketing, and distribution related to its Defective Products.

13

64. Defendant breached its duty of care and was negligent as described herein in the design, labeling, warning, selling, marketing, and distribution of the Defective Products in one or more of the following respects:

   a. Failing to design the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   b. Failing to publish information, market, import, distribute, promote and/or sell the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   c. Failing to use reasonable care in the testing of the Defective Products so as to avoid an unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   d. Failing to use reasonable care in inspecting the Defective Products so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein;

   e. Failing to use reasonable care in instructing and/or warning the public as set forth herein of risks associated with the Defective Products, so as to avoid unreasonable risk of harm to Plaintiff, Plaintiff's business, and Plaintiff's Premises and everything therein; and

   f. Otherwise negligently or carelessly designing, marketing, distributing, warning, labeling, studying, testing or selling the Defective Products.

65. At all times, Defendant designed the Defective Products, and sold same to entities in the State of Washington, and Plaintiff relied upon the design specifications, instructions, guidelines, testing procedures, warnings, service information and recommendations of

14

Defendants.

66. Defendant created a defective and unsafe condition in the Defective Products in that the design, testing, marketing and sale of the Defective Products and/or components thereof were negligent and unreasonably dangerous, and Defendant failed to issue proper and adequate guidelines, instructions, cautions and warnings related to the use of the Defective Products and/or components thereof. As such, the Defective Products were not reasonably safe as designed and/or manufactured and/or were not reasonably safe because adequate warnings or instructions were not provided.

67. The action brought herein against Defendant is brought pursuant to the Washington Product Liability Act, Chapter 7.72.040 RCW.

68. Plaintiff alleges by reference against Defendant each of the causes of action enumerated in RCW 7.72, including but not limited to strict liability, negligence, breach of express or implied warranty, failure to warn, failure to properly instruct as to use, misrepresentation, concealment, nondisclosure and/or negligent and defective design, assembly and manufacture.

69. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained catastrophic damages, including but not limited to loss of real and personal property, destruction of its Premises, substantial economic loss and damages including but not limited to lost income, and/or other damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant on the aforementioned Count for compensatory damages, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show themselves to be justly entitled.

## COUNT V: STRICT LIABILITY
## CAUSES OF ACTION UNDER WASHINGTON PRODUCT LIABILITY ACT

*Alternative Pleading*

### *"Liability of product seller other than manufacturer" under* RCW 7.72.040.

70. Plaintiff adopts, reallege and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

71. The Defective Products were not reasonably safe for their intended use and were defective with respect to their design and labeling/warning, as described herein, in that Defendant deviated materially from its design and labeling/warning specifications and/or such design and labeling/warning posed an unreasonable risk of harm to the public, including the Plaintiff.

72. The Defendant's Defective Products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of consumers.

73. The Defective Products create risks to the safety of the consumer that are far more significant and devastating than the risks posed by other products available in the market, and which far outweigh the utility of the Defective Products.

74. Defendant has negligently and recklessly manufactured, published information, marketed, imported, distributed, promoted, and/or sold the Defective Products with wanton and willful disregard for the rights and safety of the Plaintiff and others, and with malice, placing Defendant's economic interests above the safety of the Plaintiff.

75. At all times relevant hereto, Defendant engaged in the business of designing, marketing, testing, selling, delivering, supplying parts and/or maintaining the Defective Products and/or components thereof, and was responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the Defective Products and/or components thereof.

76. Defendant created and/or sold the Defective Products and/or components thereof which were defective, unsafe and unreasonably dangerous in that the design, testing, marketing, installation, selling and importation of the Defective Products and/or components thereof were unreasonably dangerous.

77. At all times material hereto, Defendant was responsible for the Defective Products.

78. The Defendant is strictly liable in tort to the Plaintiff for its wrongful conduct.

79. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained catastrophic damages, including but not limited to, loss of real and personal property, destruction of its Premises, and substantial economic loss and damages, including but not limited, to lost income and/or other damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant on the aforementioned Count for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show themselves to be justly entitled.

### COUNT VI: BREACH OF WARRANTY

80. Plaintiff adopts, realleges and incorporates by reference paragraphs 1-36 of this Complaint as if fully set forth herein, and further alleges the following:

81. Defendant warranted that the Defective Products were safe, were of merchantable quality, were fit and safe for purposes for which they were designed, manufactured, assembled, tested, marketed, sold, and maintained, were free of defects, and that the guidelines, instructions, cautions and warnings pertaining the use of the Defective Products and/or components thereof were proper, sufficient, adequate and complete.

82. Defendant breached said warranty in that the Defective Products and/or components

17

thereof were not safe, or of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, tested, marketed, sold, and maintained, and were not free of defects and were otherwise defective, and that the guidelines, instructions, cautions and warnings pertaining to the use thereof were not proper, sufficient, adequate and/or complete.

83. The sale and/or supply of the Defective Products and/or components thereof placed Plaintiff in privity of contract with Defendant. It was reasonable for Defendant to expect that Plaintiff would use the Defective Products in the manner in which Plaintiff used same in the Premises.

**PRAYER FOR RELIEF**

84. WHEREFORE, Plaintiff prays for judgment against the Defendant on all of the aforementioned counts for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show themselves to be justly entitled as well as:

    a. Compensatory damages to Plaintiff for past, present, and future economic damages, resulting from the devastating damage to the Premises, the equipment therein, and the products that Plaintiff was cultivating in the Premises;

    b. Lost profits;

    c. Expectation damages;

    d. Consequential damages;

    e. Reasonable attorneys' fees; and

    f. All ascertainable economic damages.

18

Dated: December 7, 2021

                                                THE SAADE LAW FIRM, P.A.
*Attorneys for Plaintiff*
255 Alhambra Circle, Suite 320
Coral Gables, Florida 33134
Telephone: (786) 633-1114
Facsimile: (786) 633-1314

/s/ *Gabriel S. Saade*
_____
GABRIEL S. SAADE, ESQ.
Washington Bar No.: 57883