FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHAT N STICKY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TOP SHELF LED, INC.,<br><br>    Defendant. | No. 2:22-CV-00071-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand, ECF No. 6. The motion was considered without oral argument.[1] Plaintiff is represented by Gabriel Saade. Defendant is represented by Matthew Wojcik and Thomas Stratton.

Having reviewed the briefing and the applicable case law, the Court denies Plaintiff's motion.

**Factual Background**

The following facts are drawn from Plaintiff's Complaint, ECF No. 1-1.

Plaintiff Phat N Sticky, LLC is a producer-processor of cannabis. Plaintiff had its principal place of business in Spokane Valley, Washington. Defendant Top

---

[1] Plaintiff's Motion to Remand is presently set for oral argument on June 24, 2022 at 10:30 a.m. ECF No. 14. However, after reviewing the briefing, the Court has determined that oral argument is not warranted and thus proceeds on the motion. LCivR 7(i)(3)(B)(iii).

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND # 1**

Shelf LED, Inc. is a California corporation that manufactures and sells commerce lighting solutions, such as lamps and its accessories/fixtures.

In 2019, Plaintiff purchased products from Defendant, including Master Pursuit: Grower's Choice MP HPS System; Master Pursuit: Grower's Choice MP CMH System; HPS Bulb 1210, MH Bulb 1228; and/or Gavita Fixture 277 ("the Light Products"). Plaintiff states that it installed Defendant's Light Products at its business premises in accordance with Defendant's instructions.

However, on September 14, 2019, Plaintiff states that Defendant's Light Products self-ignited and/or imploded and/or exploded, resulting in a fire that burned down Plaintiff's facility, equipment, and cannabis products. Plaintiff alleges that this fire occurred because of defects in Defendant's Light Products; Defendant misled its customers about the safety/effectiveness of its Light Products; Defendant failed to adequately warn and instruct its customers about the dangers of its Light Products; and Defendant knew that its Light Products were not safe for their intended use.

**Procedural History**

Plaintiff filed its Complaint in the Spokane County Superior Court on December 14, 2021. ECF No. 1-1. Plaintiff asserted claims for negligence; strict liability under the Washington Product Liability Act; negligence under the Washington Product Liability Act; and breach of warranty. *Id.*

Defendant removed the Complaint to this Court on April 14, 2022. ECF No. 1. Defendant filed a Motion to Dismiss on April 19, 2022. ECF No. 5.

Plaintiff filed the present Motion to Remand on April 27, 2022. ECF No. 6. Plaintiff filed a Motion for Sanctions as part of its response to Defendant's Motion to Dismiss on May 10, 2022. ECF No. 11.

**Discussion**

Plaintiff argues that the Court should remand this case to Spokane County Superior Court because Defendant's removal was untimely. Plaintiff filed its

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND # 2**

Complaint on December 14, 2021, yet Defendant did not file its Notice of Removal until April 14, 2022. Thus, Plaintiff argues removal was untimely under 28 U.S.C. § 1446(b)(1), which states that a defendant must file a notice of removal within 30 days of receiving the initial pleading.

Defendant in response argues that Plaintiff's Complaint did not contain sufficient information for Defendant to know whether the case was removable to federal court. Specifically, Defendant states that it did not receive information supporting the existence of complete diversity until March 17, 2022—thus, Defendant argues that the removal was timely because Defendant filed its Notice of Removal on April 14, 2022, within 30 days of the date where it "may first be ascertained that the case is one which is removable." 28 U.S.C. § 1446(b)(3).

The Court denies Plaintiff's Motion to Remand. The Ninth Circuit has stated that the requirement that a defendant remove a case to federal court 30 days after receiving the initial pleading "only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). However, if the defendant instead receives an "indeterminate pleading," where it is unclear whether the case is removable, the Ninth Circuit has found the 30-day deadline does not apply. *Id.* The Ninth Circuit has also declined to impose a burden on the defendant to investigate the necessary jurisdictional facts within the first 30 days of receiving an indeterminate pleading—it reasoned that, if the 30-day window under § 1446(b)(1) were "to apply to all initial pleadings unless they clearly reveal that the case is not removable, defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading." *Id.* at 693–94.

Here, Plaintiff's Complaint stated "Plaintiff, PHAT N STICKY, LLC, is a domestic limited liability company, with its principal place of business at 2611 N WOODRUFF RD., STE A., SPOKANE VALLEY, WA 99206-4138." ECF No. 1-1 at 2. Plaintiff's Complaint also stated "Plaintiff is a WA i502 producer-processor,

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** # 3

farming top shelf cannabis in Washington State . . . The state-of-the-art growing facility and perfected growing techniques executed by Plaintiff's amazing team have resulted in Plaintiff's parent company becoming one of the largest producers in the state of Washington." *Id.*

However, for the purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This is in contrast to a corporation, which is a citizen of (1) the state where its principal place of business is located; and (2) the state in which it is incorporated." *Id.* Thus, when a complaint only includes allegations regarding an LLC's residency and/or principal place of business, this counts as an indeterminate pleading that is insufficient to support whether diversity jurisdiction exists. *See Harris*, 425 F.3d at 693 ("Harris' state court complaint did not allege Brown's current citizenship, only his past residence. Indeed, it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity."); *see also Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014) (finding that the notice of removal was insufficient to support diversity jurisdiction because the defendant only included information about the LLC's residency and principal place of business and not information on the citizenship of each of the LLC members).

Here, after receiving Plaintiff's indeterminate pleading, Defendant's counsel contacted Plaintiff's counsel by email on February 8, 2022 to inquire about the citizenship of Plaintiff's members. ECF No. 2, Exhibit 1 at 13. Defendant's counsel specified that the purpose for inquiring about this topic was to determine whether there was diversity. *Id.* at 11.

On March 8, 2022, Plaintiff's counsel replied to Defendant's counsel, stating "our office has confirmed that each member of Phat N Sticky, LLC, is a resident of the State of Washington." *Id.* at 9. However, on March 11, 2022, Defendant's counsel responded, stating that "It is not sufficient to state that each member of

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** # 4

Phat N Sticky, LLC is a resident of the State of Washington. We require a statement . . . that each member of Phat N Sticky, LLC was a citizen of the State of Washington at the time of the filing of the complaint and presently. This is required to establish diversity for removal to federal court." *Id.* at 7.

On March 17, 2022, Plaintiff's counsel sent over answers to Defendant's Interrogatories, confirming that each member of Phat n Sticky, LLC was a citizen of the State of Washington. ECF No. 2, Exhibit 2.

Based on the Ninth Circuit's decisions in *Harris* and *Johnson*, because Plaintiff's Complaint did not include information regarding the citizenship of each of its members, Plaintiff's Complaint was an indeterminate pleading for the purposes of diversity jurisdiction. Additionally, Defendant did not receive information regarding the citizenship of Plaintiff's members until March 17, 2022, at which point its 30-day period for removal began. 28 U.S.C. § 1446(b)(3). Thus, because Defendant filed its Notice of Removal on April 14, 2022, removal was timely—therefore, the Court denies Plaintiff's Motion to Remand.[2]

//

//

---

[2] Plaintiff argues that Defendant "was aware or should have been aware" that the case was removable because, under Washington law, a business entity cannot obtain a marijuana license unless all members of the business entity have resided in Washington for at least six months prior to applying for the license. ECF No. 6 at 3 (citing Wash. Rev. Code § 69.50.331(b) and Wash. Admin. Code 314-55-020). However, this argument (1) contravenes the Ninth Circuit's rule in *Harris* that the 30-day window from the time of receipt of the initial pleading only applies if the complaint is removable on its face, not just that it contains a clue about removability; and (2) still ignores the distinction between residency and citizenship for the purposes of diversity jurisdiction

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** # 5

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 6, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** # 6