FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHAT N STICKY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TOP SHELF LED, INC.,<br><br>    Defendant. | No. 2:22-CV-00071-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS** |

    Before the Court are Defendant Top Shelf LED, Inc.'s CR 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, ECF No. 19, and Plaintiff's Response to Defendant's CR 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Motion for Sanctions, ECF No. 20. Plaintiff is represented by Gabriel S. Saade. Defendants are represented by Matthew R. Wojcik and Thomas C. Stratton. The motions were heard without oral argument.

//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS** # 1

## Factual Background

The following facts are drawn from Plaintiff's Amended Complaint, ECF No. 17.

This is a product liability case. Plaintiff Phat N Sticky, LLC is a producer-processor of cannabis. Plaintiff had its principal place of business in Spokane Valley, Washington. *Id*. Defendant Top Shelf LED, Inc. is a California corporation that manufactures and sells commercial lighting solutions, such as lamps, accessories, and fixtures.

In 2019, Plaintiff purchased products from Defendant, including Master Pursuit: Grower's Choice MP 1000w HPS System and corresponding bulbs and/or related accessories. Plaintiff states that it installed Defendant's products at its business premise according to Defendant's instructions, specifications and/or disclosures.

On September 14, 2019, Plaintiff states that Defendant's products "self-ignited and imploded and/or exploded, and caused devastating damage to Plaintiff's premises, equipment, and products held and cultivated therein." Plaintiff alleges that this fire occurred because of defects in Defendant's products; Defendant misled consumers about the safety/effectiveness of its products; Defendant failed to adequately warn and instruct consumers about the dangers of their products; and Defendant knew that their products were not safe for their intended use.

## Procedural History

Plaintiff filed its original Complaint in the Spokane County Superior Court on December 14, 2021. Defendant removed the original Complaint to this Court on April 14, 2022. Defendant filed a Motion to Dismiss on April 19, 2022 and Plaintiff filed a Motion to Remand on April 27, 2022. This Court, on June 9, 2022, granted Plaintiff another opportunity to cure the purported pleading defects with an amended complaint, and denied Plaintiff's Motion to Remand. On June 30, 2022

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS** # 2

Plaintiff filed an Amended Complaint. Defendant filed the present and renewed Motion to Dismiss on July 13, 2022. Plaintiff filed a Motion for Sanctions as part of its response to Defendant's Motion to Dismiss on July 18, 2022.

## Legal Standard and Discussion

### 1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint

Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id*. at 679. It is not enough that a claim for relief be merely "possible" or "conceivable;" but "plausible on its face." *Id*. at 662.

Here, Plaintiff's Amended Complaint fails to plead specific factual allegations that would plausibly give rise to entitle relief. Plaintiff made only

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS** # 3

superficial descriptions and allegations without pleading factual content. Thus, Plaintiff did not cure the original Complaint's failure to plead specific factual allegations and the Court cannot draw a reasonable inference that Defendant could be liable for the misconduct alleged. Since Plaintiff's Amended Complaint fails to make the leap beyond conclusory allegations to well-plead factual allegations, Defendant's renewed Motion to Dismiss is granted and all of Plaintiff's claims are dismissed.

### 2. Plaintiff's Motion for Sanctions

Plaintiff requests that the Court sanction Defendant and its counsel and argues that "Defendant's Motion to Dismiss is devoid of any merit and seeks only to harass the Plaintiff, cause unnecessary delay of the litigation, and increase Plaintiff's litigation costs."

A federal court has inherent power to award attorney's fees as a sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Here, the Court finds that Defendant's Motion to Dismiss was filed in good faith and that its arguments in support of the motion were non-frivolous. Thus, the Court denies Plaintiff's motion.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS** # 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Top Shelf LED Inc.'s CR 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, ECF No. 19, is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED**.

2. Plaintiff's Motion for Sanctions, ECF No. 20, is **DENIED**.

3. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff.

 **IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 18th day of November 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF's MOTION FOR SANCTIONS # 5**