FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHAT N STICKY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TOP SHELF LED INC.,<br><br>    Defendant. | No. 2:22-CV-00071-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO AMEND OR ALTER JUDGMENT** |

Before the Court are Plaintiffs' Motion to Amend or Alter Judgment, ECF No. 29, and [Corrected] Motion to Amend or Alter Judgment, ECF No. 30. The motions were considered without oral argument. Plaintiff is represented by Gabriel Saade. Defendant is represented by Matthew Wojcik, Thomas Stratton, and Zabrina Delgado.

**Plaintiffs' Motions to Amend or Alter Judgment**

Plaintiff moves the Court to amend or alter its November 18, 2022 Order granting Defendant's Motion to Dismiss; Denying Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 59(e). *See* ECF Nos. 29-30. Plaintiff contends that "clear errors in law in the Court's Orders of July 1st and July 18th, 2022 … caused and will continue to cause manifest injustice if this Motion is not granted." ECF No. 30 at 1. Plaintiff asserts that an ambiguity was present and deprived Plaintiff of

**ORDER DENYING PLAINTIFFS' MOTIONS TO ALTER OR AMEND JUDGMENT # 1**

the opportunity to ever present merit-based arguments to the Court in opposition to Defendant's Second 12(b)(6) motion. *Id*. at 2.

Plaintiff further contends that Defendant's Second Motion to Dismiss was not an answer, this case is analogous to *Pruitt v. Community Eye Care, LLC* (a case out of the Western District of North Carolina), and Plaintiff reasonably understood that Plaintiff's Amended Complaint satisfied all pleadings requirements. Plaintiff states that their Amended Complaint contained sufficient allegations that set forth facially plausible, non-conclusive claims against Defendant, and there is well-beyond a possibility that these allegations can be proven. Therefore, Plaintiff seeks entry of an order vacating this Court's order granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint to prevent manifest injustice pursuant to Fed. R. Civ. P. 59(e).

**Legal Standard**

Fed. R. C. P. 59(e) permits a litigant to file a motion to amend or alter a district court's judgment within 28 days from the entry of that judgment. *Banister v. Davis*, 590 U.S. __ (2020) [140 S. Ct. 1698, 1700]. The Rule allows a district court to "rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dept. of Employment Security*, 445 U.S. 445, 450 (1982). Rule 59(e) does not allow courts to consider new arguments or evidence that the moving party could have raised before the decision. *Banister v. Davis* at 1698. Therefore, the motion is tightly tied to the underlying judgment. *Id*. When a timely Rule 59(e) motion is filed, it "suspends the finality of the original judgment" for purposes of appeal. *FCC v. League of Women Voters of Cal*., 468 U.S. 364, 373, n.10 (1989).

District courts have "considerable discretion" when addressing a motion to amend a judgment under Rule 59(e). *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Rule 59(e) is an extraordinary remedy,

**ORDER DENYING PLAINTIFFS' MOTIONS TO ALTER OR AMEND JUDGMENT # 2**

only to be used sparingly in the interests of finality and conservation of judicial resources. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 887, 889-890 (9th Cir. 2000). A district court may grant a Rule 59(e) motion where 1) it is presented with newly discovered evidence; 2) committed clear error; or 3) if there is an intervening change in the controlling law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

## Discussion

Plaintiff has not presented any newly discovered evidence, nor has it shown there is an intervening change in the controlling law. Instead, Plaintiff asserts the Court committed clear error. The Court disagrees. Rather, Plaintiff was given adequate opportunity to respond to Defendant's Motion to Dismiss. To the extent Plaintiff believed an ambiguity existed, the time to request clarification was prior to the Court entering its Order.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Amend or Alter Judgment, ECF No. 29, and [Corrected] Motion to Amend or Alter Judgment, ECF No. 30, are **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 22nd day of December 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFFS' MOTIONS TO ALTER OR AMEND JUDGMENT # 3**